DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Danny J. Marti, II, appeals the decision of the Medina County Court of Common Pleas which granted summary judgment in favor of appellee, Victoria Insurance Company. This Court reverses.
 I. {¶ 2} This appeal arose out of an incident that occurred in Cleveland, Ohio, on September 18, 1998. Tammy Predmetsky nka Smyrak was driving her father John Kanera's van when she struck appellee, Danny Marti, as he was standing on the curb waiting to cross the street. Kanera's insurance company, Victoria Fire 
Casualty Insurance Company ("Victoria Insurance"), provided Predmetsky with liability coverage for the accident.
 {¶ 3} Appellant initially filed his personal injury action in the Cuyahoga County Court of Common Pleas in July 1999. When service could not be perfected on appellant within six months, Victoria Insurance moved to dismiss appellant's suit. Victoria Insurance's motion to dismiss was granted.
 {¶ 4} Appellant's counsel then located Predmetsky and re-filed his complaint in the Medina County Court of Common Pleas on June 22, 2000. Predmetsky was served by certified mail on July 3, 2000. Predmetsky made a copy of the summons and complaint and gave them to Kanera for forwarding to Victoria Insurance. Almost a year later, Kanera forwarded the summons and complaint to Ron Perkins Insurance Agency, the agency through which he purchased the policy from Victoria Insurance. Consequently, a default judgment was entered against Predmetsky on August 25, 2000. Predmetsky received notice of the default judgment on or about August 28, 2000. Predmetsky again made a copy of the judgment for Kanera and gave it to him. Predmetsky's father did not forward the judgment to Victoria Insurance. In October 2000, Predmetsky received notice of the damages hearing on the default. In January 2001, the trial court entered its final judgment entry, which entered default judgment in favor of appellee in the amount of $150,000, plus interest. On August 29, 2001, Kanera mailed the complaint and other papers to Victoria Insurance. In October 2001, Victoria Insurance filed a motion to vacate the default judgment on Predmetsky's behalf. The trial court denied the motion to vacate because it had not been filed within a reasonable time and because Predmetsky had failed to establish excusable neglect under Civ.R. 60(B). This Court affirmed the trial court's decision denying Predmetsky's motion to vacate.Marti v. Predmetsky, 9th Dist. No. 02CA0025-M, 2002-Ohio-6997.
 {¶ 5} Appellant filed a supplemental complaint, adding Victoria as a defendant and demanding judgment against Victoria in the amount of $150,000, plus costs and interest from December 1, 2000. Appellee filed motions for summary judgment on January 13, 2003, and December 29, 2003. The trial court denied appellee's first two motions for summary judgment. Appellee then filed a third motion for summary judgment on March 4, 2004. The trial court granted appellee's third motion for summary judgment.
 {¶ 6} Appellant timely appealed the trial court's award of summary judgment in favor of appellee, setting forth one assignment of error for review.
 ASSIGNMENT OF ERROR
"The trial court erred as a matter of law in granting the third summary judgment motion of defendant victoria fire casualty insurance company."
 {¶ 7} In his sole assignment of error, appellant argues that the trial court erred in granting appellee's third motion for summary judgment. This Court agrees.
 {¶ 8} This Court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the nonmoving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 9} Pursuant to Civ.R. 56(C), summary judgment is proper if:
"`(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.'" Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 10} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the nonmoving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. State ex rel. Zimmerman v.Tompkins (1996), 75 Ohio St.3d 447, 449.
 {¶ 11} In its motion for summary judgment, Victoria argued that Predmetsky failed to perform her duties as set forth in the insurance policy. Victoria argued that Predmetsky failed to: 1. promptly send legal papers to Victoria; 2. cooperate and assist Victoria in the litigation; and 3. attend hearings as required by the insurance policy. Victoria argued that Predmetsky's inaction denied Victoria the opportunity to participate in the litigation and resulted in a $150,000 judgment being entered against Predmetsky, who was an insured at the time of the accident. Victoria further argued that Predmetsky's failure to cooperate resulted in her losing her status as an insured and, therefore, Victoria owed no obligation to provide liability coverage to Predmetsky. In essence, Victoria argued that even assuming it had timely notice of the lawsuit, it had no obligation to provide coverage pursuant to Ferrando v. Auto-Owners Mut. Ins. Co.
(2002), 98 Ohio St.3d 186, because Predmetsky breached the terms of the policy, and that breach prejudiced Victoria.
 {¶ 12} In his memorandum in opposition to Victoria's motion for summary judgment, appellant argued that, pursuant toFerrando, an insurer cannot deny coverage based upon an insured's breach of a provision requiring the insured to timely forward the lawsuit papers unless the breach is material. Appellant argued that an insured's breach of an insurance provision to timely forward suit papers cannot be material if the insurer has timely notice of the lawsuit.
 {¶ 13} The policy issued to Predmetsky's father by Victoria provided, in pertinent part:
"PART B — Your duties in case of an accident or loss
"In the event of an ACCIDENT or LOSS YOU must:
"1. report the ACCIDENT or LOSS to US immediately by contacting OUR claims office. * * *
"2. cooperate with US and assist US in any matter concerning a claim or lawsuit.
"3. promptly send US any legal papers received relating to any claim or lawsuit.
"* * *
"8. attend hearings and trials as required." (Emphasis omitted.)
 {¶ 14} "Requiring notice to be given to the insurer affords the insurer a reasonable opportunity to protect its subrogation rights by evaluating such factors as * * *: the amount of the settlement, the amount of liability insurance remaining, the amount of assets held by the tortfeasor, the likelihood of recovery via subrogation, and the expenses and risks of litigating the insured's cause of action." Back v. AmericanStates Ins. Co. (Nov. 1, 1995), 2d Dist. No. CA15195, citingMcDonald v. Republic-Franklin Ins. Co. (1989),45 Ohio St.3d 27.
 {¶ 15} Pursuant to the provisions of the insurance policy, Victoria had a duty to defend upon receiving timely notice of the lawsuit from Predmetsky. RedHead Brass, Inc. v. Buckeye UnionIns. (1999), 135 Ohio App.3d 616, 631. Upon Victoria's undertaking the duty to defend Predmetsky, Predmetsky would have a duty to cooperate in that defense. However, both the duty to defend and the duty to cooperate in the defense flow from Predmetsky's initial duty to provide Victoria with timely notice of the lawsuit. If summary judgment cannot be awarded on the issue of whether the insured timely notified the insurer, summary judgment cannot be awarded on whether the insured breached additional duties such as the duty to promptly forward suit papers to the insurer.
 {¶ 16} In the present case, the trial court found that a disputed fact existed as to whether Victoria had notice of the lawsuit. The court stated: "[T]he Court finds that it cannot grant Victoria's motion for summary judgment on the issue of whether or not it had notice of the lawsuit." At that point, the trial court's inquiry was completed with regard to Victoria's motion for summary judgment. However, the trial court went on to find that there was not a disputed issue of material fact regarding whether Predmetsky breached other terms of the policy. This Court notes such a finding is improper as "[o]rdinarily an issue of assistance and co-operation is a question of fact to be determined by the jury from all the evidence." Costa v. Cox;Buckeye Union Cas. Co. (1958), 168 Ohio St. 379, paragraph two of the syllabus. This Court finds that the trial court's award of summary judgment in favor of Victoria was improper. Appellant's sole assignment of error is sustained.
 III. {¶ 17} The judgment of the Medina County Court of Common Pleas is reversed.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
Exceptions.
Moore, J. Concurs.
Slaby, P.J. Dissents.